David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiff
Christopher Code

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher Code<br><br>Plaintiff,<br>v.<br><br>GC Services Limited Partnership<br><br>Defendant. | **Case No: ________________**<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

HYDE & SWIGART
Phoenix, Arizona

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Christopher Code, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of GC Services Limited Partnership, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

HYDE & SWIGART
Phoenix, Arizona

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

12. Plaintiff is a natural person who resides in the City of Phoenix, State of Arizona.

13. Defendant is located in the City of Houston, in the State of Texas.

14. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime before January 31, 2011, Plaintiff is alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before January 31, 2011, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

19. Subsequently, but before January 31, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about January 31, 2011, Defendant sent Plaintiff a letter and demanded payment of the alleged debt.

21. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

HYDE & SWIGART
Phoenix, Arizona

22. On or about February 2, 2011, Defendant called Plaintiff's place of employment in an attempt to collect the alleged debt from Plaintiff.

23. Defendant placed this call to Plaintiff's supervisor, "Carlos", a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b).

24. During this conversation with Carlos, Defendant stated they were in the process of "filing paperwork to start garnishing wages on Mr. Christopher Code." Carlos then gave Defendant the contact information for HUman resources. After this, Defendant then requested that Carlos give Mr. Code the message that he called, including his name, company, phone number, extension, and a "file number."

25. This conversation was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

26. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2).

27. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

HYDE & SWIGART
Phoenix, Arizona

28. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

29. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

30. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

31. Later that same day, Defendant then called another one of Plaintiff's supervisors, "Brenda," a third party, as that phrase is anticipated by 15 U.S.C. §1692c(b), in an attempt to collect an alleged debt.

32. During this conversation, Defendant again stated he was "in the process of starting a wage assignment on Chris." Defendant also stated he "... would like Chris to call [him] and [they] may be able to work with him so that [they] won't have to do that.

33. This conversation was a "communication" as 15 U.S.C. §1692a(2) defines that term. This communication to a third party was without prior consent, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, and was in connection with the collection of the alleged debt, and with a person other than Plaintiff, Plaintiff's attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of the debt collector. This communication to this third party was not provided for in 15 U.S.C. § 1692b. By making said communication to a third party, Defendant violated 15 U.S.C. § 1692c(b).

34. Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and stated that the

HYDE & SWIGART
Phoenix, Arizona

consumer owed a debt. Consequently, Defendant violated 15 U.S.C. § 1692b(2).

35. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

36. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendant violated 15 U.S.C. § 1692e(5).

37. Through this conduct, Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692d.

38. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

39. On or about February 15, 2011, Defendant again called Plaintiff's supervisor, Brenda, in an attempt to collect an alleged debt from Plaintiff.

40. During this conversation with Defendant, Plaintiff's supervisor advised Defendant that Plaintiff's employer prohibited Plaintiff from receiving such communications at Plaintiff's place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiff's place of employment was inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

41. Through this conduct, Defendant communicated with a person other than the consumer for the purported purpose of acquiring location information and communicated with said person more than once without the request to do so by such person and without reasonably believing that the earlier response by said person was erroneous or incomplete and without reasonably believing

HYDE & SWIGART
Phoenix, Arizona

that such person now had correct or complete location information. Consequently, Defendant violated 15 U.S.C. § 1692b(3).

42. On or about February 22, 2011, Defendant again called Plaintiff's place of employment in an attempt to collect the alleged debt from Plaintiff.

43. Because Defendant knew or had reason to know that the Plaintiff's employer prohibits Plaintiff from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3), and because this action violated the language in 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3), this action also violated Cal. Civ. Code 1788.17.

44. Due to Defendant's abusive actions, Defendant has caused Plaintiff a significant amount of actual damages, including harm to his professional reputation, and mental anguish damages which have manifested in symptoms including but not limited to: stress, anxiety, embarrassment, humiliation, sleeplessness, nervousness, depression, migraine headaches and fear of answering the telephone all impacting his personal and professional relationships.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

45. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

46. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

47. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

HYDE & SWIGART
Phoenix, Arizona

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

48. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: March 10, 2011

By: _/s/ David J. McGlothlin_
David J. McGlothlin
Attorneys for Plaintiff

HYDE & SWIGART
Phoenix, Arizona